UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00167-TBR

UNITED STATES OF AMERICA,                                           Plaintiff

v.

KENTUCKY MANOR APARTMENTS, LTD.                    Defendant

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant's motion to hold Plaintiff's motion for summary judgment in abeyance. (DN 13). Plaintiff has responded. (DN 16). Defendant has also filed a motion to dismiss. (see DN 8). Plaintiff has responded. (DN 11). For the following reasons, Defendant's motion to hold Plaintiff's motion for summary judgment in abeyance (DN 13) is GRANTED. Defendant's motion to dismiss (DN 8) is DENIED.

BACKGROUND

This is a foreclosure action filed by Plaintiff United States of America. Defendant Kentucky Manor Apartments, Ltd. ("Kentucky Manor") is the fee simple owner of real property located at 8890 Pembroke Oak Grove Road, Oak Grove, KY 42262. In 1982, Kentucky Manor and the United States, acting through the Farmers Home Administration,[1] executed a loan agreement. In 1983, the parties executed a promissory note and mortgage.

The United States claims that Kentucky Manor has breached the loan agreement by failing to pay taxes. The loan agreement requires Kentucky Manor to "comply with all appropriate FmHA regulations," which include the requirement found in 7 C.F.R. §3560.105(i) to pay taxes and assessments. 7 C.F.R. §3560.105(i) ("Failure to pay taxes and

---

[1] Predecessor agency to Rural Development. For simplicity, the Court will refer to this entity as the FHA.

assessments when due will be considered a default"). In addition, the United States claims Kentucky Manor has breached the loan agreement by failing to maintain the property in good repair, failing to maintain its Reserve Account, and failing to adequately maintain the premises in accordance with the physical standard requirements. (DN 12). However, in its motion for summary judgment, the United States focuses on Kentucky Manor's alleged failure to pay taxes.

Kentucky Manor has filed a motion to hold the United States' motion for summary judgment in abeyance. Kentucky Manor argues the parties must be given time to conduct discovery before this Court can rule on the United States' motion for summary judgment. (DN 13). Kentucky Manor also requests that the United States' claims be dismissed. (see DN 8).

STANDARD

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977) (citation and internal quotation marks omitted); *See also Clinton v. Jones*, 520 U.S. 681, 706 (1997).

"Before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case." *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986). However, the burden is on the party claiming insufficient time to conduct discovery to file a motion and supporting affidavit pursuant to

56(d). *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). "The importance of complying" with Rule 56(d)'s affidavit requirement "cannot be overemphasized." *Id*. ("Although it may seem harsh to turn a blind eye to the Cacevics' belated proffer of evidence, that is the price to be paid by litigants who do not comply with the rules").

"Beyond the procedural requirement of filing an affidavit, Rule [56(d)] has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Id*. at 488. If a "Plaintiff's affidavit makes only general and conclusory statements regarding the need for more discovery," then denial of their request for more discovery is proper. *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999); *Emmons v. McLaughlin*, 874 F.2d 351, 356 (6th Cir. 1989)

Courts have considered a number of factors in deciding whether additional discovery is appropriate, including "(1) when the appellant learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling below; (3) how long the discovery period had lasted; (4) whether the appellant was dilatory in its discovery efforts; and (5) whether the appellee was responsive to discovery requests." *Plott*, 71 F.3d at 1196 (collecting cases).

The decision to allow or deny additional discovery pursuant to a Rule 56(d) request is reviewed for abuse of discretion. *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004) (citing *Plott*, 71 F.3d at 1196–97).

DISCUSSION

Kentucky Manor requests that the United States' motion for summary judgment be held in abeyance to allow the parties to conduct discovery in this case. Kentucky Manor has

submitted the affidavit of its counsel, Daniel Thomas, in support of its motion. (DN 13-1). Thomas states that Kentucky Manor has not yet conducted discovery because the parties have yet to hold an initial scheduling conference or exchange Rule 26 disclosures. (DN 13). Thomas claims discovery is necessary because the United States relies upon a "50 page affidavit of Jerry Cloud." Kentucky Manor cannot counter the assertions made by Cloud without conducting discovery and therefore is not in a position to respond to the United States' motion for summary judgment. Thomas also asserts that Kentucky Manor may have defenses, such as its claim that the "United States improperly increased the monthly payment from $3,016.98 to $12,817.91" when it eliminated an interest subsidy. (DN 13).

In response, the United States argues that discovery is unnecessary to determine whether Kentucky Manor failed pay taxes and thereby defaulted upon the loan agreement. The United States also argues that Kentucky Manor has failed to specify what facts it hopes to uncover which will defeat the United States' motion. (DN 16).

The Court agrees with the United States that its claim that Kentucky Manor defaulted on the loan agreement is a claim which appears amenable to summary judgment. However, given the relative infancy of this case and the lack of any discovery completed to date, the Court will permit an accelerated period for discovery to occur. If the parties require additional discovery after the motion for summary judgment is ruled upon, the Court will address that request at that time.

Additionally, the Court must deny Kentucky Manor's motion to dismiss. The entirety of Kentucky Manor's motion to dismiss states: "The Defendant moves to dismiss on the grounds that each allegation fails to state a claim for which relief can be granted for minor/technical non-monetary defaults, if any, allowing the ultimate 'foreclosure' and sale of

the real property sought by the Plaintiff, caused by the Plaintiff's breach of contract." (DN 8). Kentucky Manor provides no further elaboration on this argument. Nor has Kentucky Manor provided a supporting memorandum or a proposed order as required by this Court's local rules. Local Rule 7.1(a) ("Failure to file a supporting memorandum may be grounds for denying the motion").

IT IS HEREBY ORDERED that Defendant's motion to hold Plaintiff's motion for summary judgment in abeyance (DN 13) is GRANTED. The parties shall have 90 days from the entry of this order to conduct discovery.

IT IS FURTHER ORDERED that Defendant's motion to dismiss (DN 8) is DENIED.

IT IS FURTHER ORDERED that Kentucky Manor shall file a response to the United States' motion for summary judgment within 110 days of the entry of this order. The United States will have 14 days to reply.

cc:     Counsel